UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER SMITH,

    Petitioner,

    v.                                                                  CAUSE NO. 3:22-CV-275-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Christopher Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-3-180) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of resisting in violation of Indiana Department of Correction Offense 235, and sanctioned him with a loss of ninety days earned credit time and a demotion in credit class.

The warden responds that the court should dismiss the petition as untimely under the one-year limitations period set forth in 28 U.S.C. § 2241(d)(1). The statute of limitations for filing a habeas petition to challenge State court convictions under Section 2241(d)(1) doesn't apply to prison disciplinary proceedings. Cox v. McBride, 279 F.3d 492, 493 (7th Cir. 2002). The warden acknowledges the Cox ruling but invites the court to disregard it given the 2004 revisions to Rule 9 of the Rules Governing Section 2254 cases and given the contrary decisions of other circuits. See Dulworth v. Evans, 442 F.3d 1265, 1267–1268 (10th Cir. 2006); Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); Cook v. New York State Div. of Parole, 321 F.3d

274, 280 (2d Cir. 2003); Wade v. Robinson, 327 F.3d 328, 331–332 (4th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002); Allen v. White, 185 F. App'x 487, 490–491 (6th Cir. 2006).

"When presented with such an argument, the district court's foremost responsibility is to abide by the doctrine of stare decisis, where decisions of a superior court in a unitary system bind the inferior courts." Lewis v. Gaylor, Inc., 914 F.Supp. 2d 925, 927 (S.D. Ind. 2012) (quoting Colby v. J.C. Penney Co., 811 F.2d 1119, 1123 (7th Cir.1987)). "When deciding a matter of federal question, a district court is bound by the decisions of the Circuit Court of Appeals of the circuit in which it sits, as well as by the Supreme Court." Flanagan v. Allstate Ins. Co., 242 F.R.D. 421, 431 (N.D. Ill. 2007). "However, in limited circumstances, district courts may depart from Seventh Circuit precedent if the district court is powerfully convinced that the Seventh Circuit would overrule its previous decision at the first opportunity." Lewis v. Gaylor, 914 F. Supp. 2d at 927.

In reaching it holding in Cox, the court of appeals primarily relied on the text of Section 2254(d)(1) and its reference to "the judgment of a State court," which remains unchanged. Other circuits have since found that this language extends to prison disciplinary decisions, but it appears that our court of appeals knew that it was deviating from the interpretation of other circuits at the time of Cox. The Cox court noted that "the eighth circuit has treated prison disciplinary boards as courts with no explanation." 279 F.3d at 494. In the next breath, the Cox court concluded that it was "unwilling to interpret the word more broadly in section 2244(d)(1)." Id.

This ruling has persisted for more than twenty years, and the court of appeals has declined to reconsider it as recently as May 2022. See Juarez v. Reagle, 2022 WL 1548936, at *2 (7th Cir. 2022). The Warden's argument has some persuasive force, but this court isn't "powerfully convinced that the Seventh Circuit would overrule its previous decision at the first opportunity." It's up to the court of appeals to retire its precedent.

The warden also argues that Mr. Smith's arguments are procedurally defaulted because he didn't raise them on administrative appeal, so they. State prisoners generally must exhaust available state court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." Moffat v. Broyles, 288 F.3d 978, 981-82 (7th Cir. 2002).

Mr. Smith concedes that he didn't present his claims on administrative appeal but says he did not do so because "[he] was so fearing for [his] safety" and because "[he] was feeling like nobody was going to believe [him]." A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977); Wrinkles v. Buss, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492 (1986).

Mr. Smith hasn't adequately shown cause-and-prejudice. He doesn't explain why he was afraid or how his fear related to his ability to pursue an administrative appeal. He alleges that correctional officers used force to move him into an unsanitary cell against his will, but that allegation, by itself, doesn't suggest that he would be harmed for pursuing an administrative appeal. Further, the belief that pursuing an administrative appeal would be futile doesn't excuse a petitioner from the exhaustion requirement. See Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try."). Consequently, Mr. Smith's claim is procedurally defaulted and is not a basis for habeas relief. Even if that weren't the case, though, his claim wouldn't produce relief.

Mr. Smith argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he committed the offense of resisting. His argument is difficult to parse, but he appears to argue that correctional staff didn't have valid basis for moving him into the cell, that correctional officers used excessive force in doing so, and that the cell to which he was moved was unsanitary. In other words, it appears that he is arguing that he was justified in resisting orders.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

4

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 235 as "physically resisting a staff member while that staff member is in the performance of his/her duty." ECF 7-9 at 8. The administrative record includes a conduct report in which a correctional officer represented that, as correctional staff attempted to move Mr. Smith to a cell, he refused to step into the cell and refused to remove his hands from the cuff port. ECF 7-1. The administrative record contains a video recording summary, indicating that Mr. Smith dragged his feet, stopped walking, and jerked himself back and forth as correctional officers escorted him to the cell. ECF 7-6. It includes the video recording itself, which the court has reviewed and found to be consistent with the summary. ECF 11.

The conduct report and the video recording constitute evidence that Mr. Smith committed the offense of resisting as defined by departmental policy. Though Mr. Smith believes that his resistance was justified, the disciplinary policy contains no exceptions for the offense of resisting that would apply to these facts or otherwise. ECF 7-8. Nor does Mr. Smith have any constitutional right to refuse or resist orders. See Soto v. Dickey, 744 F.2d 1260, 1267 (7th Cir. 1984) ("Orders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them."). Therefore, the claim that the hearing officer didn't have sufficient evidence is not a basis for habeas relief.

Mr. Smith doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit

Cour*t*, 569 F.3d 665, 666 (7th Cir. 2009). But he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Christopher Smith leave to appeal in forma pauperis.

SO ORDERED on September 14, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT